42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Loyd I. LEWIS, Plaintiff-Appellant,
v.
KANSAS PAROLE BOARD, whose individual names are unknown to
the petitioner at this time, Defendant-Appellee.
 No. 94-3110.
 United States Court of Appeals, Tenth Circuit.
 Dec. 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Plaintiff-appellant Loyd I. Lewis appeals from the district court's dismissal of his civil rights action pursuant to 42 U.S.C.1983. The district court construed the action as a habeas petition, 28 U.S.C. 2254, and then dismissed it for failure to exhaust state remedies. On appeal, Mr. Lewis contends that he is proceeding under 42 U.S.C.1983. He contends that the Kansas Parole Board is violating his civil rights by using boilerplate reasons to deny him parole and by requiring him to enter into unconscionable contracts with the Kansas Department of Corrections and the refusal to so enter prolongs his incarceration.
 
 
 2
 Mr. Lewis seeks damages and injunctive relief. We agree with the district court that to the extent Mr. Lewis is seeking release from confinement, habeas corpus, rather than 1983, provides the federal remedy. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Mr. Lewis has not demonstrated that he has exhausted state remedies and his incomplete references to other state cases involving "samesimilar problems" do not persuade us that the exhaustion requirement should be waived.
 
 
 3
 Because the damages claim calls into question the lawfulness of Mr. Lewis's continued confinement, Mr. Lewis has no cause of action under 1983 until the alleged practices resulting in his confinement have been declared invalid by the state or by a grant of the writ of habeas corpus. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).
 
 
 4
 AFFIRMED. We GRANT Mr. Lewis leave to proceed on appeal in forma pauperis. The application for a certificate of probable cause is DENIED as we have granted a similar request in No. 94-3056, decided even date. The motion to dismiss by the Kansas Parole Board is DENIED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument